## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| ALAN BLACKBURN, | ) | |
| | ) | |
| *Plaintiff,* | ) | COMPLAINT |
| | ) | |
| vs. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| STATE OF MINNESOTA, | ) | CASE NO. _O 4 CV 3o82 RHK/RLE_ |
| MINNESOTA DEPARTMENT | ) | |
| OF REVENUE, DAN SALOMONE, | ) | |
| LORI JOHNSON, WENDE O'BRIEN, | ) | |
| THOMAS MAIER, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Alan Blackburn, by and through his undersigned counsel, complains as follows:

### I. NATURE OF THE ACTION

1.  Alan Blackburn, an employee of the Minnesota Department of Revenue, is prohibited from parking his personal vehicle in the parking lot of the Minnesota Department of Natural Resources facility in Brainerd, Minnesota — where Blackburn works — with religious messages attached to his vehicle.

2.  Alan Blackburn is similarly prohibited from driving his personal vehicle to and from places of state business with religious messages attached to his vehicle.

3.  Finally, Blackburn is prohibited from posting personal religious messages on the walls of his office cubicle.

4.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988; 42 U.S.C. § 1367; Minn. Const. art. 1, § 3.



SCANNED

JUN 3 0 2004

U.S. DISTRICT COURT ST. PAUL

## II. JURISDICTION AND VENUE

5.  This action arises under the U.S. Constitution, particularly the First and Fourteenth Amendments to the same; 42 U.S.C. §§ 1983, 1988; 42 U.S.C. § 1367.

6.  This Court has jurisdiction over Plaintiff's federal claims by operation of 42 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367.

7.  Venue is proper in the United States District Court for the District of Minnesota in that the events giving rise to Plaintiff's claims occurred within the district.

## III. IDENTIFICATION OF PARTIES

8.  Plaintiff Alan Blackburn ("Blackburn") is a citizen of the United States and a resident of the State of Minnesota. He is employed by the Department of Revenue of the State of Minnesota.

9.  Defendant State of Minnesota is a sovereign state of the United States of America.

10. Defendant the Minnesota Department of Revenue ("Department") is a department of the state government of Minnesota created and instituted by statute of the State of Minnesota, Minn. Stat. § 15.01. At all times relevant, the Department was the employer of Blackburn.

11. Defendant Dan Salomone ("Salomone") is Commissioner of the Minnesota Department of Revenue. Salomone is sued in his official and individual capacities.

12. Defendant Lori Johnson ("Johnson") is Site Supervisor for the Department of Revenue at the Department' office in Brainerd, Minnesota. Johnson is sued in her official and individual capacities.

13.    Defendant Wende O'Brien ("O'Brien") is the Affirmative Action Officer for the Minnesota Department of Revenue.  O'Brien is sued in her official and individual capacities.

14.    Defendant Thomas Maier ("Maier") is a Revenue Tax Supervisor 3 for the Minnesota Department of Revenue.  Maier is sued in his official and individual capacities.

## IV. ALLEGATIONS OF FACT

15.    Plaintiff Alan Blackburn is an employee of the Department of Revenue of the State of Minnesota.  Blackburn is a Revenue Tax Specialist Intermediate and works out of the Department of Natural Resources ("DNR") office building in Brainerd, Minnesota.

16.    Since December 9, 2003, through numerous email correspondences, Blackburn has been communicating with Wende O'Brien, Affirmative Action Officer for the Minnesota Department of Revenue, as to (1) what, if any, political and religious signs he may display on his personal vehicle while it is parked in the parking lot of the Brainerd DNR facility; (2) what, if any, political and religious signs he may display on his personal vehicle while driving to and from places of state business; and (3) what, if any, political and religious signs he may display on the walls of his cubicle in the Brainerd DNR building.

17.    Blackburn's supervisors, Lori Johnson and Thomas Maier, were carbon copied on most of these email letters.

18.    Blackburn has been told that he may not park his personal vehicle in the parking lot of the Brainerd DNR facility with political or religious signs displayed on his vehicle.

19.    Blackburn has been told that he may not display political or religious signs on his vehicle while driving to and from places of state business.

3

20.    Blackburn has been told that he may not display political or religious signs in his cubicle if said signs are visible outside his cubicle.

21.    On April 21, 2004, Blackburn sent an email to O'Brien (with carbon copies sent to Johnson and Maier) asking whether he could park in the state parking lot with the following signs attached to his personal vehicle:

Sign #1:

*God is a loving and caring God.*

Sign #2:

*God defines marriage as a union between a man and a woman.  He also says sex is to be enjoyed between a husband and a wife only.*

Sign #3:

*God gave us the 10 Commandments.  "In God We Trust" is our national motto. Why can't the 10 Commandments be displayed on government property?*

Sign #4:

*Share your beliefs with others.  Then stand back and let them decide what to do.  God gave us the freedom of choice.*

22.    Hours after sending his April 21, 2004 email, O'Brien responded via email (with carbon copies sent to Johnson and Maier) as follows: "No, you may still not park on State of Minnesota property with these signs."

23.    Blackburn frequently drives his vehicle with the signs described in paragraph 21 of this Complaint attached to his personal vehicle when he is not driving on state business or parked in the parking lot of the Brainerd DNR facility.  These signs are written in black type on 8.5 by 11 inch pieces of white paper.

24.    Blackburn remains prohibited from parking on State of Minnesota property with the signs described in paragraph 21 of this Complaint attached to his personal vehicle.

4

25.   Blackburn remains prohibited from driving his personal vehicle to and from places of state business with the signs described in paragraph 21 of this Complaint attached to his personal vehicle.

26.   Blackburn remains prohibited from posting religious items in his cubicle visible to persons standing outside his cubicle.

27.   Upon information and belief, other employees of the State of Minnesota are permitted to post signs, bumper stickers, and so forth while parked in the parking lot of the Brainerd DNR facility.

28.   Upon information and belief, other employees of the State of Minnesota are permitted to post signs, articles, and so forth in their cubicle, even if visible to persons standing outside the cubicle.

29.   Blackburn has always followed the directives of his supervisors regarding the facts and issues described in this Complaint, *i.e.*, he does not park in state parking lots with religious or political signs or messages attached to his personal vehicle; he does not drive to and from places of state business with religious or political signs or messages attached to his personal vehicle; he does not have any religious or political signs or messages in his cubicle.

30.   Between December 9, 2003 and approximately January 12, 2004, during which time Blackburn was attempting to negotiate with defendants regarding his signs, Blackburn would park his vehicle in the parking lot of the DNR Brainerd property without any political or religious signs attached to his vehicle.

31.   Since approximately January 12, 2004, three to four days a week, Blackburn has parked, and continues to park, his vehicle on the shoulder of a county road outside the DNR Brainerd property with religious and political signs attached to his vehicle.

32.   When Blackburn parks his vehicle outside the Brainerd DNR property, as he has frequently been doing since approximately January 12, 2004, he must walk approximately 1/4 of a mile to reach the entrance to the Brainerd DNR office building. When Blackburn's work day is finished, he must walk approximately 1/4 of a mile to return to his vehicle.

33.   Upon information and belief, the Department of Revenue has no written policies or regulations governing employee speech in the workplace.

34.   Blackburn's supervisors, Lori Johnson and Thomas Maier, have either concurred with, or ratified, or are bound by, any decisions made by Wende O'Brien regarding Blackburn's signs.

## V. ALLEGATIONS OF LAW

35.   The defendants, and each of them, are "persons" for purposes of the claims of this Complaint, as that term is used in 42 U.S.C. § 1983.

36.   All of the conduct of the defendants as set forth in this complaint constitutes conduct "under color of state law" as that phrase is used in 42 U.S.C. § 1983.

37.   All of the actions of the defendants as set forth in this Complaint were done pursuant to a state policy or practice.

38.   The right of Blackburn to express his views on issues of public concern was clearly established at all relevant times.

39.   This action is brought against the individual defendants in their individual and official capacities.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### Violation of Federal Free Speech Rights

40.   Plaintiff alleges and incorporates herein by reference all the preceding paragraphs of this Complaint.

41.   Blackburn's speech and expression of his views as described in the preceding paragraphs of this Complaint are protected from suppression by the First and Fourteenth Amendments to the United States Constitution.

42.   The defendants' conduct in suppressing Blackburn's speech violates his federal constitutional rights to freedom of speech as guaranteed by the First and Fourteenth Amendments and protected by 42 U.S.C. § 1983.

WHEREFORE, plaintiff respectfully requests that the Court grant the relief set out in the Prayer for Relief below.

### SECOND CAUSE OF ACTION:
### Violation of Right to Free Exercise of Religion

43.   Plaintiff alleges and incorporates herein by reference all the preceding paragraphs of this Complaint.

44.   Blackburn's expression of his religious views is protected by his constitutional right to the free exercise of religion as guaranteed by the First and Fourteenth Amendments.

45.   The conduct of the defendants as described herein restricts, prohibits and chills Blackburn's exercise of rights guaranteed by him under the First and Fourteenth Amendments and protected by 42 U.S.C. § 1983.

WHEREFORE, plaintiff respectfully requests that the Court grant the relief set out in the prayer for relief below.

## THIRD CAUSE OF ACTION:
### Violation of Equal Protection

46. Plaintiff alleges and incorporates herein by reference all the preceding paragraphs of this Complaint.

47. Blackburn is being treated on less than equal terms with other state employees with respect to the posting and/or displaying of signs and/or messages in state employee cubicles or on state employee personal vehicles.

48. The conduct of the defendants as described herein violates Blackburn's right under the Equal Protection Clause of the Fourteenth Amendment to be treated similarly to other state employees with respect to posting and displaying signs, messages, symbols, and similar articles on his personal vehicle and in his cubicle.

WHEREFORE, plaintiff respectfully requests that the Court grant the relief set out in the Prayer for Relief below.

## FOURTH CAUSE OF ACTION:
### Violation of Plaintiff's State Constitutional Rights

49. Plaintiff alleges and incorporates herein all the preceding paragraphs of the Complaint.

50. Blackburn's speech and expression of his views as described in the preceding paragraphs of this Complaint are protected from suppression by Article 1, § 3 of the Constitution of the State of Minnesota.

51. The conduct of the defendants herein in suppressing Blackburn's speech violates Blackburn's state constitutional right to freedom of speech.

WHEREFORE, plaintiff respectfully requests that the Court grant the relief set out in the Prayer for Relief below.

## VII. PLAINTIFF'S DAMAGES

52. As a direct and proximate result of the conduct of these defendants as aforesaid, individually and in their official capacities, plaintiff has been deprived of his constitutional rights to freedom of speech, the free exercise of his religion, and equal protection. Because of the continuing prohibition imposed by defendants on plaintiff, plaintiff continues to suffer said deprivation and will continue to do so unless granted the relief herein requested.

53. In addition to the foregoing, plaintiff has suffered humiliation, embarrassment, anguish, and anxiety as a result of the defendants conduct in depriving him of his constitutional rights, and plaintiff will continue to suffer said damages unless granted the relief herein requested.

54. Money damages, however, cannot wholly remedy the irreparable harm done by the suppression and prohibition of plaintiff's rights of free speech, thought and expression.

55. No adequate remedy exists at law for redress of these deprivations which continue to occur and will occur in the future unless enjoined by this Court.

## VIII. GENERAL PRAYER FOR RELIEF

Based on the foregoing, plaintiff, Alan Blackburn, respectfully prays that the Court grant judgment as follows:

A. That the Court enter a declaratory judgment declaring the actions of the defendants in suppressing plaintiff's speech, free exercise, and equal protection rights to be illegal and unconstitutional;

B.      That the Court enter an injunction restraining, prohibiting, and enjoining the defendants, their agents and employees, and all persons in active concert or participation with them from enforcing, applying or implementing any rules, policies, or regulations which prohibit plaintiff and other public employees from engaging in speech on matters of public concern;

C.      That the Court award compensatory damages to plaintiff according to proof or, in the alternative, award plaintiff nominal damages in the amount of one dollar;

D.      That the Court award punitive damages according to proof;

E.      That the Court award plaintiff the reasonable costs of this action;

F.      That the Court award plaintiff a reasonable award of attorney's fees pursuant to 42 U.S.C. § 1988;

G.      That the Court award such other relief as the Court deems just.


Dated this 30th day of June, 2004.

Francis J. Manion (KY. Bar #85594)*
Geoffrey R. Surtees (KY. Bar #89063)*
American Center for Law & Justice
6375 New Hope Road
New Hope, Kentucky  40052
(502) 549-7020
(502) 549-5252 (fax)


Wayne B. Holstad (MN. Bar #124461)
30 East Seventh Street #1690
Saint Paul, MN 55101
(651) 379-5006
(651) 379-5007 (fax)

*Counsel for Plaintiff*

\* *Pro hac vice* motions filed contemporaneously herewith

# CIVIL CASE ASSIGNMENT SLIP

| | |
|---|---|
| Date: **6-30-04** | County Code: **C Row Wing** |
| ☒ Cover Sheet | **ASSIGNMENT INFORMATION** |
| ☒ Complaint  ☐ Removal  ☐ Other<br>☐ Bkcy. Appeal  ☐ 2255  ☐ Writ of HC | Assignment list: **5th Dio Special**<br>**440 Civil Rights Rights** |
| FEES: ☒ $150.00 Complaint<br>☒ $30.00 Miscellaneous case | Case Number: **04 - 3082** |
| ☐ $5.00 Habeas corpus  ☐ Intial Partial<br>☐ In Forma Pauperis  Filing Fee<br>☐ Waived  of $____ | Judge Assigned:  Magistrate Judge/AD#<br>**RhK**   **RLE** |
| Jury Demand ☒ YES **440**<br>Category Code | New Cases System ____<br>Assignment Clerk's Initials: **G-S** |
| Is this a Companion or related case?  If so, enter judge<br>_____<br>and case numbers: _____<br>_____ | RECEIPT NUMBER:<br>**145022**<br>Consent form given  ☐ |
| 5th Division ☒ YES \| 6th Division ☐ YES | UL Number:<br>**504 UL 117** |
| Summon issued ☒ YES  ☐ NO | |
| Pro Hac Vice forms given ☐ YES | Intake Clerk's Initials: ___ **JL** |